**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ATIBA CLARKE,

                       Plaintiff,

        -vs-

BURGER KING CORPORATION AND
RACKSON RESTAURANTS, LLC,

                    Defendants.

Docket:  1:20-cv-01465-ENV-RLM

**DEFENDANT BURGER KING**
**CORPORATION'S ANSWER**
**TO PLAINTIFF'S AMENDED**
**COMPLAINT**

Defendant Burger King Corporation (hereinafter referred to as "Burger King"), by its attorneys Norris McLaughlin, P.A., for its Answer to plaintiff Atiba Clarke's ("Plaintiff") Amended Complaint dated April 6, 2020 ("Amended Complaint"), responds as follows:

## NATURE OF THE CLAIMS

1.     Denies the allegations of paragraph 1 of the Amended Complaint, except neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required, and denies that Burger King is liable for any actions or omissions alleged herein.  Burger King is a nationwide franchise.  It does not own locations such as that which is the subject of this action and, therefore, it is not a proper party to this action.

2.     Denies the allegations of paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3.     Plaintiff's assertion of this Court's jurisdiction in paragraph 3 of the Amended Complaint is based on a legal conclusion to which no responsive pleading is required.

4.     Plaintiff's assertion of this Court's venue in paragraph 4 of the Amended Complaint is based on a legal conclusion to which no responsive pleading is required.

## PARTIES

5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint.

6.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint.

7.     Denies the allegations of paragraph 7 of the Amended Complaint as they relate to it.

8.     Admits the allegation of paragraph 8 of the Amended Complaint as to Burger King, except to deny having knowledge or information sufficient to form a belief as to the truth of the allegation of said paragraph as to Rackson Restaurants, LLC.

9.     Denies the allegations of paragraph 9 of the Amended Complaint as they relate to it.

10.     Denies the allegations of paragraph 10 of the Amended Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     Neither admits nor denies the allegations of paragraph 11 that are legal conclusions to which no responsive pleading is required, except that to the extent a responsive pleading is required denies said paragraph as to it.

12.     Neither admits nor denies the allegations of paragraph 12 that are legal conclusions to which no responsive pleading is required, except that to the extent a responsive pleading is required denies said paragraph as to it.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, except that to the extent a responsive pleading is required, denies said paragraph as to it.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint.

15.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint.

18.     Denies the allegations of paragraph 18 of the Amended Complaint as to it, except neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

19.     Denies the allegations of paragraph 19 of the Amended Complaint as to it, except neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

20.     Denies the allegations of paragraph 20 of the Amended Complaint as to it, except neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

21.     Denies the allegations of paragraph 21 of the Amended Complaint as to it.

21.I-XVIII.     Burger King is a nationwide franchise.  It does not own locations such as that which is the subject of this action and, therefore, it is not a proper party to this action.  The particulars of the physical structures and access within the premises are the responsibility of the franchisee, not Burger King.  To the extent that the allegations of subparagraphs I through XVIII of paragraph 21 of the Amended Complaint are alleged against Burger King, it denies having

knowledge or information sufficient to form a belief as to the truth of the allegations as to it, except neither admits nor denies the allegations of said subparagraphs that are legal conclusions to which no responsive pleading is required.

22.     The allegations of paragraph 22 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 22 of the Amended Complaint as to it.

23.     The allegations of paragraph 23 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 23 of the Amended Complaint as to it.

24.     The allegations of paragraph 24 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 24 of the Amended Complaint as to it.

25.     The allegations of paragraph 25 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 25 of the Amended Complaint as to it.

26.     The allegations of paragraph 26 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 26 of the Amended Complaint as to it.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31.     Burger King re-alleges and incorporates by reference all of its answers to all previous paragraphs as if same were fully set forth at length herein.

32.     The allegations of paragraph 32 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 32 of the Amended Complaint as to it.

33.     Neither admits nor denies the allegations of paragraph 33 that are legal conclusions to which no responsive pleading is required.

34.     Neither admits nor denies the allegations of paragraph 34 that are legal conclusions to which no responsive pleading is required.

35.     The allegations of paragraph 35 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 35 of the Amended Complaint as to it.

36.     Denies the allegations of paragraph 36 of the Amended Complaint.

37.     The allegations of paragraph 37 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 37 of the Amended Complaint as to it.

38.     The allegations of paragraph 38 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 38 of the Amended Complaint as to it.

39.     The allegations of paragraph 39 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 39 of the Amended Complaint as to it.

40.     The allegations of paragraph 40 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 40 of the Amended Complaint as to it.

41.     The allegations of paragraph 41 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive

pleading is required. To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 41 of the Amended Complaint as to it.

42. The allegations of paragraph 42 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required. To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 42 of the Amended Complaint as to it.

43. The allegations of paragraph 43 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required. To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 43 of the Amended Complaint as to it.

44. The allegations of paragraph 44 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required. To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 44 of the Amended Complaint as to it.

45. The allegations of paragraph 45 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor

denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 45 of the Amended Complaint as to it.

46.     Denies the allegations of paragraph 46 of the Amended Complaint.

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

47.     Burger King re-alleges and incorporates by reference all of its answers to all previous paragraphs as if same were fully set forth at length herein.

48.     The allegations of paragraph 48 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

49.     The allegations of paragraph 49 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 49 of the Amended Complaint as to it.

50.     The allegations of paragraph 50 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive

pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 50 of the Amended Complaint as to it.

51.     The allegations of paragraph 51 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 51 of the Amended Complaint as to it.

52.     The allegations of paragraph 52 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 52 of the Amended Complaint as to it.

53.     The allegations of paragraph 53 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

54.     The allegations of paragraph 54 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive

pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 54 of the Amended Complaint as to it.

55.     The allegations of paragraph 55 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 55 of the Amended Complaint as to it.

56.     Denies the allegations of paragraph 56 of the Amended Complaint.

## THIRD CAUSE OF ACTION

## (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

57.     Burger King re-alleges and incorporates by reference all of its answers to all previous paragraphs as if same were fully set forth at length herein.

58.     The allegations of paragraph 58 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

59.     The allegations of paragraph 59 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.

60.     The allegations of paragraph 60 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 60 of the Amended Complaint as to it.

61.     The allegations of paragraph 61 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 61 of the Amended Complaint as to it.

62.     The allegations of paragraph 62 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 62 of the Amended Complaint as to it.

63.     The allegations of paragraph 63 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 63 of the Amended Complaint as to it.

64.     The allegations of paragraph 64 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 64 of the Amended Complaint as to it.

65.     The allegations of paragraph 65 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 65 of the Amended Complaint as to it.

66.     The allegations of paragraph 66 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph. To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 66 of the Amended Complaint as to it.

67.     The allegations of paragraph 67 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 67 of the Amended Complaint as to it.

68.     The allegations of paragraph 68 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 68 of the Amended Complaint as to it.

69.     The allegations of paragraph 69 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 69 of the Amended Complaint as to it.

70.     Denies the allegations of paragraph 70 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

71.     Burger King re-alleges and incorporates by reference all of its answers to all previous paragraphs as if same were fully set forth at length herein.

72.     The allegations of paragraph 72 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 72 of the Amended Complaint as to it.

73.     The allegations of paragraph 73 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 73 of the Amended Complaint as to it.

74.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint and, therefore, denies same.

<u>**INJUNCTIVE RELIEF**</u>

75.     The allegations of paragraph 75 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 75 of the Amended Complaint as to it.

76.     The allegations of paragraph 76 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 76 of the Amended Complaint as to it.

77.     The allegations of paragraph 77 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.  To the extent that the

allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 77 of the Amended Complaint as to it.

## DECLARATORY RELIEF

78.    The allegations of paragraph 78 of the Amended Complaint are not directed to Burger King and, therefore, Burger King denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, except that it neither admits nor denies the allegations of said paragraph that are legal conclusions to which no responsive pleading is required.  To the extent that the allegations of said paragraph are asserted against Burger King, it denies the allegations of paragraph 78 of the Amended Complaint as to it.

## ATTORNEY'S FEES, EXPENSES AND COSTS

79.    Denies the allegations of paragraph 79 of the Amended Complaint.

## JURY DEMAND

Admits that Plaintiff demands a trial by jury as alleged in the Amended Complaint.

## PRAYER FOR RELIEF

These paragraphs are not directed to Burger King, but to the extent that they are Burger King denies the allegations in the unnumbered paragraph of the Amended Complaint entitled "Prayer for Relief" and each of the subparagraphs A. through I. thereof.  All other allegations that are not specifically admitted are denied.  Burger King expressly reserves the right to amend and/or supplement this Answer.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Burger King is a nationwide franchise.  It does not own locations such as that which is the subject of this action and, therefore, it is not a proper party to this action.

16

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims alleged in the Amended Complaint and/or to obtain the relief requested.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not been denied the full and safe access to all of the benefits, accommodation, and services of the subject facility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide any notice of alleged violations prior to commencing this action, and Burger King did not have any actual or constructive notice regarding any accessibility issues at 159-29 Jamaica Ave., Queens, NY 11432.

## SIXTH AFFIRMATIVE DEFENSE

The physical items identified by Plaintiff are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the subject facility.

## SEVENTH AFFIRMATIVE DEFENSE

The removal, accommodation or alteration of the barriers identified by Plaintiff are not readily achievable, technically feasible, would not result in a significant loss of the access to the facility and/or are not otherwise required.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or other statutes or provisions of law.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, any action that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons and without evil motive, willfulness, malice or reckless indifference toward Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged damages, any entitlement to which is expressed denied.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because she is estopped as to such claims by her own actions, bad faith, laches, and/or waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff was provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities, and services at the subject facility.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, because Plaintiff was not a bona fide patron of the facility in question and, if she visited the facility, she visited it for purposes of instituting this litigation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which she bases her claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Burger King was not a party to any conduct, acts, and/or omissions, if any, that were a direct or proximate cause of the losses, damages, injuries or violations alleged by Plaintiff, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Burger King did not discriminate against Plaintiff or deny her a full and equal opportunity to enjoy the goods and services provided at 159-29 Jamaica Ave., Queens NY 11432 on the basis of an alleged disability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief in anticipation of future injury, Plaintiff has not sufficiently alleged that there is a continuing, present adverse effect nor a showing of real and immediate threat of repeated injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief and without admitting any fault or wrongdoing, the technical requirements of the alleged statutes will be satisfied during the course of litigation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing the Amended Complaint to the extent that Plaintiff failed to exhaust administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is barred from bringing the Amended Complaint because Plaintiff has unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from brining the Amended Complaint because Burger King is not required to make reasonable accommodations, or the accommodations sought by Plaintiff, as described in the ADA and/or applicable state laws, for the subject facility.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Burger King does not have a right, duty, or authority to make alterations or remove access barriers, if any, to the subject facility.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing the Amended Complaint for lack of supplemental jurisdiction to the extent that the federal ADA claim is used merely to have Plaintiff's claim in federal court.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Burger King reserves its right to assert further defenses should such further defenses become known to it during the litigation of this action.

**WHEREFORE**, Burger King respectfully requests this Court to enter an Order:

A.      dismissing the Amended Complaint with prejudice,

B.      awarding to Burger King its costs and expenses incurred herein, including reasonable attorneys' fees, and

C.      granting such other relief as the Court deems just and proper.

20

Dated:  New York, New York
        May 1, 2020

                         */s/ Edward Sponzilli*
                         Edward G. Sponzilli, Esq.
                         Stephanie S. Spangler, Esq.
                         NORRIS McLAUGHLIN, P.A.
                         7 Times Square, 21st Floor
                         New York, NY 10036-6524
                         (212) 808-0700
                         egsponzilli@norris-law.com
                         ssspangler@norris-law.com

                         *Attorneys for Defendant, Burger King Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

A true copy of the foregoing *Defendant Burger King Corporation's Answer to Plaintiff's Amended Complaint* was filed electronically on this 1st day of May, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Edward Sponzilli*
Edward G. Sponzilli, Esq.
Stephanie S. Spangler, Esq.
NORRIS McLAUGHLIN, P.A.
7 Times Square, 21st Floor
New York, NY 10036-6524
(212) 808-0700
egsponzilli@norris-law.com
ssspangler@norris-law.com

*Attorneys for Defendant, Burger King Corporation*

22